UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT KRUSE,

          Plaintiff,

-vs-                                                    Case No. 2:11-cv-473-FtM-29SPC

PARK PLACE SWFL, LLC, a Florida Limited
Liability Company, doing business as DRIVE'N
FLYOUT, WEN JONG WU, SCOTT SPENCE,
LYNN MICHAELS,

          Defendants.
_____

## REPORT AND RECOMMENDATION

This matter comes before the Court on The Plaintiff, Robert Kruse and Defendant, Park Place, LLC.'s Second Joint Motion for Approval of Settlement (Doc. #20) filed on December 12, 2011.

The Parties have reached a settlement agreement and seek court approval of that agreement. In <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the

proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In the Joint Motion for Approval submitted by the Parties, (Doc. # 20), the Parties provide that the Defendants will pay 100% of the Plaintiff's agreed upon settlement sum plus attorney's fees. In this case, the Plaintiff, Robert Kruse accepted a compromise settlement of $850.00 as full settlement of his claims, which includes liquidated damages. The Defendant has agreed to pay the law firm of Berke & Lubell $3,400.00 in attorney's fees and costs for their representation of the Plaintiff in this matter. The Parties state that the payment of attorney's fees and costs was negotiated separately and without regard to the amount paid to the Plaintiff in settlement of his FLSA claim.

The Plaintiff Robert Kruse has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, and agrees that the amount he has been paid is a fair and reasonable resolution of his FLSA claim. Therefore, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff, Robert Kruse and Defendant, Park Place, LLC.'s Second Joint Motion for Approval of Settlement (Doc. #20) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of December, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record